## J. W. ROWLEY v. J. H. WILKINSON.

### No. 162.

INVALID TAX DEED — *Tenant—Agreement to Pay Taxes.*   A person who uses land without paying anything therefor, under an agreement made between the owner and a third party that said party should have the use of the land for the payment of the taxes, cannot acquire a valid tax title thereon under a sale for taxes levied for the year it was so used by him.

Error from Logan district court; LEE MONROE, judge.   Opinion filed September 7, 1898.   Reversed.

*G. H. Baily*, for plaintiff in error.
*K. E. Willcockson*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. :   This action was originally brought in the district court of Logan county by Rowley against Wilkinson, to recover the possession of certain lands in that county.   The defendant filed a general denial,

and on the issues thus formed a trial was had, judgment rendered and set aside, and a second trial granted. A second trial was had to the court, which resulted in a judgment for the defendant for costs. The matter is brought here for review.

The undisputed evidence in this case shows that the plaintiff is the owner of the land in question and entitled to the possession, unless the title was transferred to the defendant by his tax deed, which was based on a sale for the taxes for the year 1892. During the season of 1892, Louis Burk, who took the assignment from the county of the certificate on which the tax deed was founded, cultivated a portion of the land under an agreement made between the plaintiff and James Neil that said Louis Burk and James Neil should have the use of the land and should pay the taxes thereon. Louis Burk denies that he agreed to pay any taxes, but admits that he worked the land under a lease from Neil but paid nothing therefor. He also admits that he exercised authority over the land, in the interest of the owner, as late as 1894. We do not think a valid tax deed can come through such a channel. In *Duffit v. Tuhan*, 28 Kan. 293, the principle was announced that where a person, with the consent of the owner of real estate, but without any agreement as to the payment of rent or taxes, goes into possession thereof and receives all the benefits, without paying or offering to pay rent therefor, such person cannot divest the owner of the title to the property by purchasing it at a tax sale for taxes levied and payable while he was in the actual occupancy thereof. This is eminently correct and just, and compels a reversal of this case. From the record before us, it seems that a preponderance of the evidence is to the effect that Neil and Burk agreed to pay the taxes,

but we are not required or permitted to weigh the evidence. The evidence that is not contradicted is sufficient to require a reversal.

The judgment of the district court is reversed and a new trial directed.